**Rubye SCOTT, Plaintiff,**

**v.**

**CIMARRON INSURANCE COMPANY, INC., Defendant.**

**No. 70050.**

Supreme Court of Oklahoma.

Feb. 14, 1989.

As Corrected March 3, 1989.

Rehearing Denied June 20, 1989.

Karen Faulk, Abel, Musser, Sokolosky and Clark, Rex K. Travis, Oklahoma City, for plaintiff.

Gerald P. Green, Stephanie J. Mather, Frances E. Patton, Pierce, Couch, Hendrickson, Johnston and Baysinger, Oklahoma City, for defendant.

SIMMS, Justice.

The United States District Court for the Western District of Oklahoma Certified the following question pursuant to the Oklahoma Uniform Certification of Questions of Law Act, 20 O.S.1981 § 1601, et seq.:

"Is stacking of uninsured motorist coverage required under Oklahoma Law, when more than one vehicle is insured by the insurance policy in question, but only a premium for one vehicle is collected on the policy for uninsured motorist coverage?"

### CERTIFIED QUESTION ANSWERED IN THE NEGATIVE

The facts relevant to the determination of the question are as follows. The defendant insurance company issued a policy of automobile insurance, with Frank D. Scott as the named insured. Four vehicles were insured under this policy. The insurance policy at issue also provided for an election of uninsured motorist protection in which the insured selected single vehicle coverage. The insured indicated his selection of benefits on that form by placing a check mark in a box indicating his desire for such coverage and circling the amount of coverage desired. In this case, the insured circled 10/20 coverage, indicating his choice of $10,000 per person minimum and $20,000 per occurrence minimum. Preceding the place on the form where the insured indicates his selection the following language appears:

"The Oklahoma Supreme Court has held in some cases that Uninsured Motorists protection could be stacked, unlike liabili-

ty coverages. This means in some instances the Uninsured Motorists limits could be multiplied by the number of vehicles that had premiums charged for that coverage. *The Cimarron and Plains Insurance Companies charge only one premium for this coverage per policy regardless of the number of vehicles insured. The insurance companies intend that there be only one, single, Uninsured Motorists limit entitlement.* **You should keep this important information in mind when selecting the limits for this coverage.**

Oklahoma law provides that you may purchase "Uninsured Motorists Coverage" in an amount up to the "Bodily Injury" limit for split limit policies or up to the "Liability" limit for single limit policies.

You may purchase limits smaller than your "Bodily Injury" limit or "Liability" limit or reject this coverage totally."

(emphasis added).

Apart from the 10/20 coverage selected by the insured here, the form provided for choices between 25/50, 50/100, 100/300 and "other".

This policy was in force and effect when the insured, while riding as a passenger in his own vehicle, was killed in an automobile accident. The accident was caused by the negligence of the person driving the insured's vehicle and who is the uninsured motorist here.

The plaintiff, as the spouse of the insured, made demand on defendant for $40,000.00 in uninsured motorist coverage basing her claim on a stacking theory. The defendant denied this claim, offering only $10,000.00 in benefits, and plaintiff brought suit in United States District Court.

## I.

We resolve the question by reference to *Keel v. MFA Insurance Company*, Okl.

553 P.2d 153 (1976) and the line of cases which followed. See, e.g: *Richardson v. Allstate Insurance Co.*, Okl., 619 P.2d 594 (1980); *Lake v. Wright*, Okl., 657 P.2d 643 (1982); *Shepard v. Farmers Insurance Company, Inc.*, Okl., 678 P.2d 250 (1983). Without exception, in each of these cases, one of the crucial factors considered was the fact that separate premiums had been paid for the coverage sought to be aggregated.[1] Such is not the situation in the instant case.

As appellant urges, only one uninsured motorist premium of $5.00 was charged per policy, regardless of the number of vehicles insured.[2]

*Richardson* is especially on point. In that case, multiple automobiles were insured under a single policy. There, however, multiple premiums were paid for uninsured motorist coverage. Those premiums were based on the number of automobiles covered. Considering those facts, we ruled that "the number of uninsured motorist coverages on which an insured is entitled to rely is determined by the number of premiums paid." *Richardson v. Allstate*, supra at 597. The same rule is applicable here. However, *Richardson*, alone, does not answer the question presented. The case of *Lake v. Wright, supra.*, is also on point and must be considered.

In *Lake*, we held that a Limit of Liability clause similar to the one in this case was void as against public policy "when six vehicles were covered and six premiums paid for uninsured motorist coverage...." *Id.* at 645. Such an attempt to limit an insurer's liability is against public policy whether the "[separate] coverages were contained in one policy, or separate policies, *where multiple premiums were paid."* *Id.* (citation omitted, emphasis added).

## II.

In this case, like *Richardson*, a number of automobiles were insured under one poli-

---

1. See: *Keel v. MFA Insurance Company*, 553 P.2d at 156; *Richardson v. Allstate Insurance Co.*, 619 P.2d at 597; *Lake v. Wright*, 657 P.2d at 645; *Shepard v. Farmers Insurance Company, Inc.*, 678 P.2d at 252.

2. It is extremely significant that in this case, the insured was given the option of paying additional Uninsured Motorist premiums which would have supported the plaintiff's demand to stack coverage.

cy of insurance. Unlike *Richardson*, however, the insured in this case selected an insurer whose policy premiums were based on single automobile coverage.

The limit of liability clause included in the contract at issue here is similar to the limit of liability clause in *Lake* which we found to be against public policy. The contract here differs from *Lake*, however, in two significant respects. First, separate premiums were not charged; secondly, and equally as important as a public policy consideration, the insured was given the option of increased coverage. Here, as the contract reflects, *the insured chose* the lesser coverage.[3]

### III.

Our cases permitting stacking have done so based on our perception of the reasonable contractual expectations of the parties as reflected, in part, by the number and amount of uninsured motorist premiums paid. We think that based on the facts presented here, the contractual expectation of the parties was to have singular uninsured motorist protection, otherwise, multiple premiums would have been paid.

Therefore, our answer to the question: "Is stacking of uninsured motorist coverage required under Oklahoma law, when more than one vehicle is insured by the insurance policy in question, but only a premium for one vehicle is collected on the policy for uninsured motorist coverage?"

must be, and is, in the negative.

### CERTIFIED QUESTION ANSWERED IN THE NEGATIVE.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER, SIMMS, DOOLIN, KAUGER and SUMMERS, JJ., concur.

WILSON, J., concurs specially.

---

**3.** As we stated earlier, it is significant that the insured did have the option of increasing coverage under the "limit of liability" clause. Consistant with *Lake v. Wright*, Okl., 657 P.2d 643 (1982), we think that a clause limiting the liability of an insurer to single uninsured motorist

ALMA WILSON, Justice, concurring:

I must object to the federal court's certified question, which impermissibly links uninsured motorist coverage to vehicular coverage alone:

"Is stacking of uninsured motorist coverage required under Oklahoma law, when more than one vehicle is insured by the insurance policy in question, but only a premium *for one vehicle* is collected on the policy *for uninsured motorist coverage?*" [*Emphasis mine.*]

In spite of the federal court's mischaracterization of the issue, however, I do concur in the court's pronouncement today because in the field of uninsured motorist coverage, there are two basic tenets which govern the propriety of so-called policy "stacking":

(1) Any attempt to tie uninsured motorist coverage to vehicles alone and not to *people* must fail. *State Farm Mut. Auto Ins. Co. v. Wendt*, 708 P.2d 582 [581] (Okla.1985); *Cothren v. Emcasco Insurance Company*, 555 P.2d 1037 (Okla.1975). A priori, UM insurance relates to personal bodily injury protection.

(2) Where separate premiums are collected by an insurance company for the provision of uninsured motorist coverage, the insured is entitled to recover upon each separate coverage purchased. *Keel v. MFA Ins. Co.*, 553 P.2d 153 (Okla. 1976); *Richardson v. Allstate Ins. Co.*, 619 P.2d 594 (Okla.1980). In withholding from an insured that for which a premium has been collected, the insurer reaps an unjust enrichment.

In the present case, a single UM premium was collected for the protection of the insured person (not only the vehicle), thus, there are no separate UM contracts to "stack". Moreover, it appears that the UM agreement properly encompassed the insured *person*, rather being tied to vehicular coverage when multiple automobiles are insured would be void and unenforceable as against public policy if the contract did not clearly show that it was the *insured's intent* to agree to such a limitation.

coverage alone. This being the case, I concur.