**Alvin L. DAVIS, Appellant,**

v.

**Donna Leann CHOATE, David Wayne Haynes, and Equity Fire & Casualty Company, a domestic corporation, Appellees.**

No. 69497.

Court of Appeals of Oklahoma, Division No. 4.

Decided May 23, 1989.

Rehearing Denied July 24, 1989.

Certiorari Denied Feb. 21, 1990.

Rex K. Travis, Oklahoma City, for appellant.

Stephen C. Wilkerson, Knight, Wagner, Stuart, Wilkerson & Lieber, Tulsa, for appellee, Equity Fire & Cas. Co.

BACON, Judge.

This appeal involves a suit concerning under/uninsured motorist coverage. The plaintiff-insured is appealing from the trial court's sustention of the insurer's motion for summary judgment.

The facts are fairly simple. Plaintiff bought automobile insurance from Equity Fire & Casualty Company covering three vehicles. The insurance included a $10,000 under/uninsured motorist provision for which plaintiff paid one single premium of $15.

Plaintiff was involved in an accident in one of the insured vehicles while he was stopped in traffic and was rear-ended by defendant Choate, who was rear-ended by defendant Haynes. Plaintiff's damages exceeded the combined liability of both Choate and Haynes. Equity then paid plaintiff $10,000 under the under/uninsured provisions of the policy it issued to plaintiff. Plaintiff asserted he was entitled to an additional $20,000 from Equity based on the separate under/uninsured motorist coverage for each of the three vehicles.

The trial court entered summary judgment for Equity, ruling that, since plaintiff paid only one premium, he was entitled to only one $10,000 payment. The trial court ruled that, because plaintiff paid but a single premium per policy rather than per vehicle, there was no material issue of fact that he could not stack the under/uninsured motorist coverage.

Plaintiff appeals and argues one proposition of error, which reads: "Davis [plaintiff] should be entitled to stack uninsured motorist coverage, whether multiple premiums or single premiums are paid." In support, plaintiff merely cites cases that discuss stacking. He argues that an insurer could simply charge $15 per policy, rather than $5 per vehicle for the coverage in question, and limit exposure to coverage for one vehicle. The result, argues plaintiff, is that, by denying stacking, the insurance company's exposure would be reduced by one-third.

The problem with plaintiff's argument, as far as it goes, is that the supreme court has made it clear that generally "the number of uninsured motorist coverages on which an insured is entitled to rely is determined by the number of premiums paid." *Richardson v. Allstate Insurance Co.*, 619 P.2d 594 (Okla.1980); *Scott v. Cimarron Insurance Company*, 774 P.2d 456 (Okla. 1989). However, aside from plaintiff's argument against existing case law, we conclude that summary judgment in the present case was premature.

In *Scott v. Cimarron, supra*, the court pointed out that the insured was given the option of increased coverage, and the insurance contract reflected *the insured chose* the lesser coverage. The court, in *Scott*, footnote 3, said:

> ... we think that a clause limiting the liability of an insurer to single uninsured motorist coverage when multiple automobiles are insured would be void and unenforceable as against public policy if the contract did not clearly show that it was the *insured's intent* to agree to such a limitation. (Emphasis theirs.)

In the present case, we do not have the benefit of the entire insurance policy, nor do we have any record of whether plaintiff elected to choose reduced coverage. If, indeed, no separate premiums were charged, but the single premium was, in fact, based upon the number of vehicles insured, it would be an attempt to circumvent public policy. *Lake v. Wright*, 657 P.2d 643 (Okla.1982), and *Scott v. Cimarron, supra*. Under these circumstances, we conclude there are material issues of fact and summary judgment was premature.

The case is reversed and remanded with directions to proceed according to the views expressed herein.

BRIGHTMIRE, V.C.J., and RAPP, J., concur.