Larry Shawn **KINDER**, Appellant,

v.

**OKLAHOMA FARMERS UNION MUTUAL INSURANCE COMPANY, Appellee.**

No. 74667.

Court of Appeals of Oklahoma, Division No. 3.

June 4, 1991.

Certiorari Denied July 26, 1991.

George R. Hanks, Oklahoma City, for appellant.

Michael C. Stewart, Kenneth A. Brokaw, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

Larry Shawn Kinder (Appellant) was injured on June 12, 1988, in an automobile accident, when the automobile he was driving collided with that driven by an uninsured motorist. Appellant was nineteen years old at the time of the accident and resided with his parents in their home. He was a covered insured under his parents' automobile insurance policy issued by Oklahoma Farmers Union Mutual Insurance Company (Appellee). The policy covered six automobiles, including the one Appellant was driving at the time of his accident. The policy limits for uninsured motorist

(UM) coverage was 25/50, i.e., $25,000.00 per person and $50,000.00 per accident. Appellant contended he was entitled to "stack" the UM coverage for each vehicle covered under the policy, and made a claim against Appellee for UM benefits in the amount of $150,000.00. Appellee paid $25,-000.00 to Appellant, with the agreement that Appellant could pursue the stacking issue for additional benefits through litigation.

In the trial court, the parties filed cross motions for summary judgment. The court sustained Appellee's motion and overruled Appellant's motion.

Appellant acknowledges that there is only one premium charged for UM coverage for the six vehicles covered under the policy. He contends, however, that he is entitled to stack the coverages for the other five vehicles because the insureds were not given the opportunity to pay additional premiums for the increased UM coverage.

With regard to UM coverage, the application for the insurance, signed by Appellant's mother at the inception of the policy, provides:

We offer you uninsured motorist coverage with a limit of protection not to exceed the bodily injury liability coverage limit stated in this policy.

You may reject this coverage completely if you desire, or you may purchase this coverage with a limit of protection equal to or less than the bodily injury liability coverage limit.

Appellant's mother, Catherine Kinder, designated UM limits of 10/20, and on February 21, 1986, signed the application below the following printed statement:

I request Uninsured Motorist Coverage with the following limit of protection, with the full understanding that, regardless of the number of vehicles described in this policy, only one premium is charged for Uninsured Motorist Coverage and therefore only one limit of protection applies to any claim arising out of any one accident to which this coverage is applicable.

At the time of this application, there were only three vehicles on the policy. Next to the figure of "$10.00", which was the premium charged for UM coverage, was printed:

UNINSURED MOTORIST COVERAGE THIS POLICY REGARDLESS OF NUMBER OF VEHICLES DESCRIBED 10/20

After the application, but before Appellant's accident, the coverage under the policy was changed to include coverage of additional vehicles, and an increase in the UM coverage, from 10/20 to $25,000.00 per person/$50,000.00 per accident (25/50). A "Continuation Certificate" was mailed to the Kinders, showing the new premium due March 25, 1988, for the coverage period of March 26, 1988, to September 26, 1988. There was a notice regarding UM coverage contained therein:

The law requires all automobile liability policies written in Oklahoma to provide Uninsured Motorist coverage unless rejected in writing by the policyholder. This coverage may be purchased with limits of liability equal to your Bodily Injury Liability coverage limits, or less, or may be rejected. Uninsured Motorist coverage protects persons insured under that coverage in the event of personal injuries in an automobile accident for which an uninsured, underinsured, or unidentified hit-and-run motorist is legally responsible. We strongly recommend that you purchase this valuable coverage with the maximum limits, if your current policy does not include this protection. Your agent can furnish the necessary forms.

There is no written evidence of the Kinders' choice of the increased limits of UM coverage, prior to the time it appeared in the Continuation Certificate mentioned above, and the Declarations Page of the policy showing the additional vehicles, the increased coverage and the increase in premium. We must assume that the Kinders were made aware of the opportunity to increase their UM coverage limits, because Appellant obviously asserts entitlement to the 25/50 limit. The dispute centers around whether the Kinders were made aware, at the time the changes were made, that their UM coverage would be limited to 25/50, because only one premium for UM coverage was being collected.

■ It is well settled in Oklahoma that insureds may stack their UM coverage for the additional vehicles under a policy if they have paid separate UM premiums for each vehicle, or if they have separate policies and pay UM premiums for each policy. See *Lake v. Wright*, 657 P.2d 643 (Okl. 1982); *Richardson v. Allstate Insurance Co.*, 619 P.2d 594 (Okl.1980); *Keel v. MFA Insurance Company*, 553 P.2d 153 (Okl. 1976). It was held in *Scott v. Cimarron Insurance Company*, 774 P.2d 456 (Okl. 1989), that an insurance company could limit the UM benefits under a policy with multiple vehicles insured because the notice adequately informed the insured that there would be only one premium charged regardless of the number of vehicles covered, and that the insured should keep this in mind when selecting the UM limits under the policy. The Supreme Court placed great significance upon the fact that the insured made the choice to have the minimum coverage. The Court stated at 774 P.2d at 457, n. 2:

It is extremely significant that in this case, the insured was given the option of paying additional Uninsured Motorist premiums which would have supported the plaintiff's demand to stack coverage.

As the Supreme Court pointed out in *Scott*, even when given the option of increased UM coverage, the insured chose the lesser limits. 774 P.2d at 458. The Court stated also at 774 P.2d at 458, n. 3:

As we stated earlier, it is significant that the insured did have the option of increasing coverage under the 'limit of liability' clause. Consistant (sic) with *Lake v. Wright*, Okl., 657 P.2d 643 (1982), we think that a clause limiting the liability of an insurer to single uninsured motorist coverage when multiple automobiles are insured would be void and unenforceable as against public policy if the contract did not clearly show that it was

the *insured's intent* to agree to such a limitation. (Emphasis in original).

In the instant case, Appellant's parents filed affidavits stating that they were not given the option of paying additional premiums for increased limits of UM coverage. Appellee has not provided us with evidentiary materials showing that Appellant's parents were given the choice, before the increased UM limits of 25/50 showed up on the "Continuation Certificate".

A policy which places additional vehicles on a policy is considered a new policy; increased limits of UM coverage must be re-offered and waivers under the previous policy are ineffective. See *Beauchamp v. Southwestern National Insurance Company*, 746 P.2d 673 (Okl.1987). Under *Scott*, supra, the insured was held to the lower limits and was unable to stack the UM coverage on multiple vehicles because the Supreme Court found the insured had made informed choices about the coverage selected. We do not have the same indication from the evidentiary materials filed with the trial court in the present case. Moreover, there are affidavits filed with the motion for summary judgment of Appellant which indicate there was no meaningful choice given.

There are issues of material fact as to whether Appellant's parents understood at the time of the changes in the policy that their UM coverage would be limited to $25,000.00 per person and $50,000.00 per accident, despite the inclusion of six vehicles on the policy. Summary judgment was improper.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

HUNTER, C.J., and HANSEN, J., concur.