**Alvin L. DAVIS, Appellant,**

v.

**EQUITY FIRE & CASUALTY COMPANY, a domestic corporation, Appellee.**

No. 77612.

Court of Appeals of Oklahoma, Division No. 2.

Dec. 15, 1992.

Rehearing Denied Feb. 17, 1993.

Certiorari Denied April 27, 1993.

Rex K. Travis, Oklahoma City, Don Pearson, Muskogee, for appellant.

Stephen C. Wilkerson, Knight, Wilkerson & Parrish, Tulsa, for appellee.

REIF, Judge.

The sole issue presented is whether an insured can stack uninsured motorist coverage of a policy when he has paid separate premiums for 10/20/10 liability coverage on three vehicles, but paid only one $15 premium for 10/20 uninsured coverage. The trial court ruled that the plaintiff-insured could not stack the UM coverage under this policy. This judgment was rendered on remand from the reversal of a similar conclusion that the trial court had earlier reached. On remand, the trial court was to consider whether the insured had been afforded a choice to increase the UM limit. *See Davis v. Choate*, 787 P.2d 465 (Okla.Ct.App.1989). In reversing the first non-stacking judgment, the court of appeals relied on *Scott v. Cimmaron Ins. Co.*, 774 P.2d 456 (Okla.1989). There the court held that an insurer could deny stacking, even though multiple vehicles were covered, because a single premium was charged for the 10/20 UM limit *and* the insured had been given choices to increase the UM limit. The plaintiff-insured in the instant case points out that the insurer has admitted there was no choice for UM coverage other than the 10/20 limit or the per policy charge for UM coverage.

The chief problem with giving "the choice" factor in the *Scott* case controlling effect, as plaintiff-insured in the instant case urges, is that the amount of bodily injury liability provided for each of the four vehicles insured under the policy in *Scott* is not disclosed in the opinion. The Uninsured Motorist Insurance Statute, 36 O.S. 1991 § 3636, requires an insurer to offer UM coverage for not less than the minimum limits of compulsory liability insurance and "increased limits of [UM] liability *... not to exceed the limits* provided in the policy *of bodily injury liability* of the insured." (Emphasis added.) The court in *Lake v. Wright*, 657 P.2d 643, 645 (Okla.1982), observed that the purpose of permitting an insured to purchase increased UM limits is to give the insured the

right, if he desires, to be protected *to the same extent, but not to exceed,* the liability coverage he purchases to protect others. In the instant case, each vehicle under the policy had a 10/20 bodily injury liability limit, and therefore, it was not necessary for the insurer to offer a choice to increase UM coverage beyond the 10/20 amount that it provided.

The court in *Scott,* 774 P.2d at 458, observed that cases permitting stacking did so because of "the reasonable contractual expectations of the parties as reflected, in part, by the number and amount of uninsured motorist premiums paid." Applying the contractual expectation test to the circumstances in the *Scott* case, the court concluded that the charge of a single per policy premium for uninsured motorist coverage, regardless of the number of vehicles insured, revealed a "contractual expectation ... to have singular uninsured motorist protection." *Id.* As *Lake* points out, nothing in § 3636 requires stacking in the face of an express provision of a policy providing to the contrary.

We are constrained to affirm.

RAPP, P.J., and BRIGHTMIRE, J., concur.