**Heather WILLHITE, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Health and Human Services, Defendant.**

**No. CIV–94–854–L.**

United States District Court, W.D. Oklahoma.

Dec. 15, 1994.

---

**550**

Gary C. Bachman, Stephen D. Bachman, Holloway Dobson Hudson Bachman Alden Jennings Robertson & Holloway, Oklahoma City, OK, for Plaintiff.

George D. Davis, Dixie L. Coffey, Victor F. Albert, McKinney Stringer & Webster, Oklahoma City, OK, for Defendant.

### *ORDER*

LEONARD, District Judge.

Plaintiff filed this action on September 25, 1992, in Cleveland County District Court against the person who caused the traffic accident that resulted in her injuries. Defendant Allstate Insurance Company ("Allstate") intervened in the state court action in April 1993. After plaintiff's claim against the tortfeasor was settled, she obtained permission to file an amended complaint against Allstate seeking payment of insurance benefits pursuant to uninsured motorist ("UM") coverage provided by Allstate. The Amended Complaint was filed on May 26, 1994; on June 2, 1994, Allstate removed the action to this court.

This matter is before the court on Allstate's Motion for Partial Summary Judgment. Allstate seeks judgment that, as a matter of law, plaintiff is not entitled to stack the UM coverage provided by Allstate. Summary judgment is appropriate if the pleadings, affidavits and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

The undisputed facts establish that at the time of her accident, plaintiff was insured pursuant Allstate automobile insurance policy number 0 31 365319. Four vehicles were listed on the policy at the time of the accident. The limits of UM coverage under the terms of the policy are $25,000 per person and $50,000 per accident. Plaintiff's policy contains the following provision with respect to UM coverage:

The uninsured motorists limit stated on the declarations is the maximum amount payable for this coverage by this policy for any one accident. This means the insuring of more than one auto for other coverages afforded by this policy will not increase **our** limit of liability beyond the amount shown on the declarations. Regardless of the number of insured autos under this coverage, the specific amount shown on the declarations is the maximum **we** will pay under this policy for:

1. "each person" for all damages arising out of **bodily injury** to any one person in any one **motor vehicle** accident, including all damages sustained by anyone else as a result of that **bodily injury.**

2. "each accident" for all damages arising out of **bodily injury** to two or more persons in any one **motor vehicle** accident. This "each accident" limit is subject to the "each person" limit.

Exhibit B to Allstate's Motion for Partial Summary Judgment at 4 (bold in original).

 Plaintiff seeks to stack or aggregate her UM coverage in order to recover $100,000 in UM benefits. Pursuant to Oklahoma law, an insured is entitled to stack or aggregate UM coverage. Allstate, however, contends that it has precluded stacking "since it charges only one premium for the coverage in question." Brief in Support of Allstate's Motion for Partial Summary Judgment at 7. In response, plaintiff argues that, because Allstate claimed in its notice of removal that the amount in controversy exceeded $50,000, Allstate is judicially estopped from asserting that plaintiff may not stack her UM coverage. Plaintiff's argument is without merit. At the time Allstate removed this action, plaintiff was alleging entitlement to $100,000 in UM coverage.

In support of its argument that stacking is precluded, Allstate cites *Scott v. Cimarron Ins. Co.*, 774 P.2d 456, 458 (Okla. 1989). *Scott*, however, does not support Allstate's position for two reasons. First, there was no dispute in *Scott* that "only one uninsured motorist premium of $5.00 was charged per policy, *regardless of the number of vehicles insured.*" *Id.* at 457. Here, Allstate charges a higher premium if more than one vehicle is listed. Indeed, the higher premium is almost double the premium charged for one-vehicle coverage.[1] The Oklahoma Court of Appeals has noted that if "the single premium was, in fact, based upon the number of vehicles insured, it would be an attempt to circumvent public policy." *Davis v. Choate*, 787 P.2d 465, 466 (Okla.Ct. App.1989). Second, the Court in Scott noted that

[i]t is extremely significant that in this case, the insured was given the option of paying additional Uninsured Motorist premiums which would have supported the plaintiff's demand to stack coverage.

*Scott*, 774 P.2d at 457 n. 2. In this case, there is no dispute that plaintiff had *no* option with respect to UM coverage because Allstate does not permit that option.

The court therefore finds that Allstate is not entitled to judgment as a matter of law on the issue of stacking. Rather, the court finds that, notwithstanding the policy language, stacking is appropriate in this instance because plaintiff has in effect paid two premiums for her UM coverage. The court, however, rejects plaintiff's assertion that she should be able to stack all four vehicles, as plaintiff did not pay four premiums. *See Lake v. Wright*, 657 P.2d 643 (Okla.1982).

Allstate's Motion for Partial Summary Judgment (Docket No. 21) is DENIED.

It is so ordered.

---

1. Allstate charges $20.60 for UM coverage for one vehicle and $38.60 for two or more vehicles. The court finds that Allstate has not adequately justified that the two different premiums are in fact one premium within the meaning of *Scott*. The court does not accept the conclusory statements contained in the Affidavit of Frederick F. Cripe, as Mr. Cripe does not offer any supporting facts. It is well established that "conclusory allegations without specific supporting facts have no probative value." *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir.1985) (*quoted in Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir.1990)).