Dennis **BREAKFIELD, individually and as father and next friend of Brandon Breakfield, minor, Paula Breakfield and Peggy Burton, Appellants,**

v.

**OKLAHOMA FARMERS UNION MUTUAL INSURANCE COMPANY, Appellee.**

No. 82933.

Supreme Court of Oklahoma.

Dec. 12, 1995.

---

**992**

George R. Hanks, Oklahoma City, Eric R. Jones, Ardmore, for Appellants.

Michael C. Stewart, Kenneth A. Brokaw, Stewart & Elder, Oklahoma City, for Appellee.

SUMMERS, Justice:

The Breakfields' four automobiles were insured by Oklahoma Farmers Union. Liability limits were $25,000.00 per person and $50,000.00 per occurrence. They also purchased uninsured/underinsured motorist coverage with coverage for the same limits. They paid only one premium for the UM coverage.

On September 9, 1992 Paula Breakfield and her passengers Brandon Breakfield and Peggy Burton were injured in an automobile accident. They received the policy limits from the insurer of the other vehicle's driver. They then sought underinsured motorist benefits from their own insurer, Oklahoma Farmers Union. The dispute giving rise to this lawsuit came about when Farmers Union refused to "stack" the UM benefits.

In the two years preceding the accident the Breakfields added and deleted several vehicles to and from the policy. The changes were made by the completion of an Auto Change Endorsement form. The 25/50 amount for UM coverage remained constant. On each occasion the policy endorsement contained the same language:

> I have read the explanation of the uninsured/underinsured motorist coverage in the paragraph above and on the reverse side of this form and understand what the coverage is and the options as to the purchase or rejection of that coverage. I further understand that because only one premium per policy is charged for uninsured/underinsured motorist coverage, regardless of the number of automobiles insured under the policy, only one limit of protection applies to any claim arising out of any one accident to which this coverage is applicable.

On two of the occasions the Breakfields did not sign anywhere on the policy endorsement. However, on the last Auto Change Endorsement, Paula signed the bottom of the policy, where the UM limits were expressly stated as "$25000 per person, $50000 per occurrence, regardless of the number of automobiles insured."

Farmers Union filed a motion for summary judgment, relying on the policy language and the fact that the insureds paid only one premium for UM coverage. Plaintiffs urged that they were entitled to stack the UM coverage because they were not asked to sign each UM paragraph in the Auto Change Endorsement forms, and were not given the option of paying additional premiums for increased limits of UM coverage. The trial court granted summary judgment to the insurer, and Plaintiffs appealed. The Court of Appeals reversed, holding that under *Kinder v. Oklahoma Farmers Union Mutual Ins. Co.*, 813 P.2d 546 (Okla.Ct.App.1991), there was a question of fact remaining as to whether Appellants understood that their coverage was limited to $25,000.00 per person and $50,000.00 per occurrence. We granted certiorari.

We find *Withrow v. Pickard*, 905 P.2d 800 (Okla.1995) (mandate issued November 30,

1995), to be dispositive. In *Withrow* the plaintiff urged that the insurer was required to offer stackable UM coverage, and that by failing to do so UM coverage was included on three different vehicles by operation of law. We disagreed, holding that nothing in our statutes requires an insurer to offer stackable UM coverage in a single insurance policy which covers multiple vehicles. Since the plaintiff had obtained the maximum amount of UM coverage permitted, (i.e., that amount equal to his liability limits), since he had paid only one premium, and since the policy plainly stated that the UM coverage was not based on the number of vehicles, the plaintiff was not entitled to stack his UM coverage. We noted that the holding was consistent with *Scott v. Cimarron Ins. Co.*, 774 P.2d 456 (Okla.1989).

Plaintiffs assert that *Kinder v. Oklahoma Farmers Union Mut. Ins. Co.*, 813 P.2d 546 (Okla.Ct.App.1991) necessitates reversal. Again, we disagree. First, *Kinder* is not precedential authority. Second, *Withrow* addressed and distinguished *Kinder*, holding that the issue in Kinder was "whether the insureds were made aware, at the time they added additional vehicles to their policy and increased their UM coverage, that their UM insurance would be limited to single coverage because only one UM premium was being collected." *Withrow*, 905 P.2d at 805. We also held that any "intimation in Kinder that an insurer must offer stackable UM coverage ... is specifically negated." *Id.* at n. 2.

In the present case the insureds signed a change form which specifically stated that only one UM coverage applied, regardless of the number of vehicles covered under the policy. The Breakfields paid only one premium for such coverage. Furthermore, they purchased the maximum amount of UM coverage under Oklahoma law. *See* 36 O.S.1991 § 3636 (UM coverage must be offered, but not to exceed the limits provided in the liability portion of the insurance policy.) As we held in *Withrow*, the insurer was not required by § 3636 to offer more UM coverage than that amount equal to liability limits. *Withrow* is directly on point, and requires affirmance of the trial court's grant of summary judgment.

The Court of Appeals' opinion is vacated. The trial court's grant of summary judgment for Farmers Union is affirmed.

KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA and WATT, JJ., concur.

ALMA WILSON, C.J., dissents.