**Ricky COTHREN, by and through his mother and next friend, Lorene Grissom, Appellant,**

v.

**EMCASCO INSURANCE COMPANY, a Foreign Corporation, Appellee.**

No. 47871.

Supreme Court of Oklahoma.

Oct. 12, 1976.

Jack S. Dawson, of Hunt and Thomas, Dawson, Colley & Gile, Oklahoma City, for appellant.

Michael C. Stewart, of Cooper, Stewart, Elder & Abowitz, Oklahoma City, for appellee.

BARNES, Justice.

This action was brought by Appellant, Ricky Cothren, by and through his mother and next friend, Lorene Grissom, against Appellee, Emcasco Insurance Company, a foreign corporation, to enforce the uninsured motorist provisions of an automobile liability insurance contract between Appellant's stepfather, Max W. Grissom, and Appellee, because Appellee denied Appellant uninsured motorist coverage.

The Trial Court sustained Appellee's Motion for Summary Judgment on the ground that Appellee's insurance policy specifically excludes uninsured motorist coverage where the insured is occupying a highway vehicle owned by the insured, but not insured by the Appellee.

Appellant brings this appeal urging that Appellee may not be permitted to take advantage of language construed to exclude Appellant from coverage because it would be against the public policy expressed in our Uninsured Motorist Statutes.

Appellant was riding as a passenger on a motorcycle, title to which was in either his stepfather or mother, in whose household he resided at the time of the collision with an automobile driven by Coy Lee Allen, who was an uninsured motorist driving an uninsured motor vehicle. The motorcycle was not listed as an insured vehicle under the policy issued by Appellee to Appellant's stepfather. Appellant has recovered judgment against the uninsured motorist in the amount of $50,000.00.

Appellant alleges that he is entitled to $10,000.00 under the terms of the policy. Appellant was insured under the terms of the policy, purchased from Appellee by his stepfather. It provided, so far as uninsured motorist protection was concerned, that "insured" means the named insured and any designated insured and, where residents of the same household, the relatives of either. The policy contained the following uninsured motorist exclusion provision:

"This insurance does not apply:

\*     \*     \*     \*     \*     \*

"(b) to bodily injury to an insured while occupying a highway vehicle (other than an insured highway vehicle) owned by the named insured, any designated insured or any relative resident in the same household as the named or designated insured, . . ."

Appellant contends that the above exclusion is against public policy and therefore unenforcible against his claim.

We find the following cases from other jurisdictions highly persuasive on the issue presented herein. The Florida Supreme Court has ruled on a case very close to the facts at hand in *Mullis v. State Farm Mutual Automobile Insurance Co.*, 252 So.2d 229 (Fla.1971). The son was injured by an uninsured motorist while riding a Honda motorcycle owned by his mother and not covered by the insurance policy covering the parents' car. The son, by his father, sued the insurer pursuant to the uninsured motorist provision in the policy. The Florida statute provided coverage to the named insured, his spouse, and to their relatives resident in his household (which included the son).

The Oklahoma statute, 36 O.S.1971 § 3636, requires uninsured motorist coverage (unless it is waived in writing by the insured) "for the protection of persons insured thereunder", and in this case the policy provides for coverage of the Appellant, Ricky Cothren, under the "relative resident in the same household" provision.

The policy in the *Mullis* case, supra, contained an exclusion similar to that in the present case, excluding from coverage an insured while occupying a land motor vehicle owned by the named insured or any resident of the same household, if the vehicle is not specifically covered by the policy. The issue was whether or not this exclusion violated the public policy of Florida as

manifested by their uninsured motorist statute. The Florida Supreme Court concluded the exclusion was void because it was contrary to public policy as expressed in their statute. The court stated:

"Whenever bodily injury is inflicted upon named insured or insured members of his family by the negligence of an uninsured motorist, *under whatever conditions, locations, or circumstances,* any of such insureds happen to be in at the time, *they are covered by uninsured motorist liability insurance* issued pursuant to requirements of Section 627.0851. *They may be pedestrians at the time of such injury, they may be riding in motor vehicles of others or in public conveyances and they may occupy motor vehicles (including Honda motorcycles) owned by but which are not 'insured automobiles' of named insured."* (Emphasis ours)

The court cited with approval a statement in *Travelers Indemnity Co. v. Powell,* 206 So.2d 244 (Fla.App.1968), involving a similar exclusionary clause. The court said:

"The Powells contend, and we agree, that the exclusion clause here is an invalid restriction because it is not the intent of the statute to limit coverage to an insured by specifying his *location or the particular vehicle he is occupying at the time of injury."* (Emphasis original)

The Louisiana Supreme Court in *Elledge v. Warren,* 263 So.2d 912 (La.App.1972), held a similar exclusionary clause void and stated:

"There is no requirement in the statute that the insured have any relation, at the time of the accident, with any vehicle he owns and that is insured with the insurer. The uninsured motorist protection covers the insured and the family members while riding in uninsured vehicles, while riding in commercial vehicles, while pedestrians or while rocking on the front porch."

Another case with similar facts, *Doxtater v. State Farm Mutual Automobile Ins.*

*Co.,* 8 Ill.App.3d 547, 290 N.E.2d 284 (1972), involved a father who held an insurance policy on his automobile with an uninsured motorist provision. His son was injured in a collision between his motorcycle and an uninsured motorist. The insurance company denied coverage based on a policy exclusion similar to the one in the case at bar. The issue was whether or not the exclusion conflicted with the State uninsured motorist provisions. The Illinois Appellate Court held the exclusion void:

"The expansive interpretation applied by a majority of that court leads us to conclude that, presented with the issue at bar, our Supreme Court would interpret Section 143a of the Insurance Code as a direction to insurance companies to provide uninsured motor vehicle coverage for 'insureds,' regardless of whether, at the time of injury, the insureds occupied or operated vehicles declared in the subject policy."

Although the uninsured motorist acts of all the States are very similar, there are some variations in the wording that affect the applicability of the various cases. For an excellent review of a number of cases cited by both parties herein see *Lowery v. State Farm Mutual Automobile Ins. Co.,* 285 So.2d 767 (Miss.1974), where the court dealt with an exclusionary provision similar to the one herein and, after reviewing a number of cases, concluded:

"The great weight of authority supports the appellant's contention that the exclusionary clause in the present case violates the public policy of this state as manifested by the Mississippi Uninsured Motorist Act."

In *Nygaard v. State Farm Mut. Auto. Ins. Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974), involving a son riding a motorcycle not declared under the father's policy, the court states their uninsured motorist statute does not purport to tie the uninsured motorist protection to the insured vehicle:

"The statute places no geographical limits on coverage and does not purport to tie protection against uninsured mo-

torists to occupancy of the insured vehicle. Since our statute requires this broad coverage 'for the protection of persons,' we must leave to the legislature the sanctioning of any exceptions dependent on the location of an insured."

Admittedly, there are decisions reaching divergent results in other jurisdictions: *Chambers v. Owens,* 22 Ariz.App. 175, 525 P.2d 306 (1974); *Owens v. Allied Mutual Ins. Co.,* 15 Ariz.App. 181, 487 P.2d 402 (1971). However, in the absence of any more specific legislative guidance, we interpret our statute, 36 O.S.1971 § 3636, as forbidding the attempted exclusion of coverage in question here. We find more persuasive the growing number of cases holding exclusions such as those in question here inconsistent with the purpose and philosophy of mandatory uninsured motorist coverage.

We, therefore, conclude that the Trial Court improperly held that the exclusions in question were consistent with the requirements of the Oklahoma uninsured motorist statute.

We have recently held in *Keel v. MFA Insurance Co.,* 553 P.2d 153 (Okl.), the "other insurance clauses" which purported to limit liability on multiple uninsured motorist coverage to the highest applicable amount of benefit under any one policy are contrary to public policy, repugnant to our uninsured motorist statutes and, therefore, void. We believe that the same reasoning is applicable to the exclusionary clause under consideration and hold that it is void because contrary to public policy.

Reversed and remanded with instructions for proceedings not inconsistent with the views expressed herein.

WILLIAMS, C. J., HODGES, V. C. J., and DOOLIN, J., concur.

IRWIN, J., concurs in result.

LAVENDER and SIMMS, JJ., concur by reason of stare decisis.

DAVISON, J., dissents.

BERRY, J., absent.