Leon SHEPARD, father, Deronda Shepard, mother, individually and as the personal representatives of the Estate of Leonda Lynn Shepard, Deceased, Plaintiffs,

v.

FARMERS INSURANCE COMPANY, INC., Defendant.

No. 59506.

Supreme Court of Oklahoma.

Nov. 1, 1983.

Rehearing Denied April 10, 1984.

M. Blake Yaffe, Oklahoma City, for plaintiffs.

John F. Percival, Buford & Percival, Oklahoma City, for defendant.

BARNES, Chief Justice:

We answer the question in the negative, holding that the exclusionary language is consistent with sound principles of contract law and further that it is neither unconscionable nor violative of the public policy expressed in Oklahoma's Uninsured Motorist Act. 36 O.S. 1981 § 3636.

■ Under Oklahoma law, insurance policies are issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into the policy. *Markham v. State Farm Insurance Co.*, 326 F.Supp. 39; rev'd 464 F.2d 703 (10th Cir.1972). The parties to an insurance contract agree upon the terms of the contract and are free to limit or restrict an insurer's liability. The court will interpret the policy in light of the statute, but will not rewrite the contract. *American Iron and Machine Works Co. v. Insurance Company of North America*, 375 P.2d 873 (Okl.1962); *Wiley v. Travelers Insurance Co.*, 534 P.2d 1293 (Okl.1974). The exclusionary language at issue does not violate the express statutory provisions of 36 O.S. 1979 § 3636(B), rather it exists as an unambiguous contract provision. To interpret the contract or the statute differently would be to rewrite one or both, which we decline to do.

■ The plaintiff would have us go beyond the express statutory language and hold the contract language void as against public policy. In Oklahoma, a contract violates public policy only if it clearly tends to injure public health, morals or confidence in administration of law, or if it undermines the security of individual rights with respect to either personal liability or private property. *Anderson v. Reed*, 133 Okl. 23, 270 P. 854 (1928). Courts will exercise their power to nullify contracts made in contravention of public policy only rarely, with great caution and in cases that are free from doubt. *Camp v. Black Gold Petroleum Co.*, 189 Okl. 692, 119 P.2d 815 (1942); *Johnston v. J.R. Watkins Co.*, 195 Okl. 341, 157 P.2d 755 (1945).

Notwithstanding the strict criteria for invalidating a contract upon policy grounds, the plaintiff contends that the

exclusionary language at issue contravenes public policy because it runs counter to our decisions regarding "other insurance" clauses in automobile insurance contracts. We disagree. In cases construing our uninsured motorist statute we have held "other insurance" clauses void because they precluded stacking of coverage to obtain compensation under multiple policies to which the plaintiff had recourse as an "insured." *Keel v. MFA Insurance Co.,* 553 P.2d 153 (Okl.1976); *Richardson v. Allstate Insurance Co.,* 619 P.2d 594 (Okl. 1980); *Lake v. Wright,* 657 P.2d 643 (Okl. 1982). Each of these cases involved the stacking of insurance policies to determine priority of payment, and permitted aggregation of policy benefits to satisfy the total claim. In each case the claimant was an "insured" by virtue of the policy terms as well as the fact that the claimant was the person paying the insurance premiums.

The instant case presents a dissimilar fact situation. Here, the plaintiff attempts to aggregate claims in order to obtain benefits under policies for which she has not paid premiums. Had Leonda Shepard been injured in a collision with an uninsured motorist while driving one of the *vehicles* insured under either active policy issued to her father, a stacking issue would have been presented under the permissive use clause of either of those policies.

This precise distinction was discussed by the Missouri Court of Appeals in *Famuliner v. Farmers Insurance Co.* The court noted:

> Not at issue here is the entitlement of Famuliner to benefits under the policies of his mother or father were the accident to have occurred while Famuliner was driving either of his parent's automobiles. Under the permissive use clause of the policy, coverage would have extended to Famuliner, or to any other driver or occupant of the parent's vehicle. Farmers conceded on oral argument that Famuliner would, under the state of facts, be entitled to "stack" three uninsured motorist coverages, two under his own policies and the one applicable to the policy on the car he was driving.
>
> *Famuliner v. Farmers Insurance Co.,* 619 S.W.2d 894, 897 n. 2. (Mo.App.1981)

Having thus distinguished the present situation from the "stacking" cases, we find that under the facts as presented the plaintiff's public policy argument is without merit. Although upholding the exclusionary language might appear to create a situation in which a relative-vehicle owner would receive less protection than a relative-non-owner merely based upon vehicle ownership, coverage in each case stems not from owning an automobile, but from falling within the definition of an "insured" under any given insurance contract.

■ *Keel* and its progeny required that a claimant be permitted to recover upon multiple policies for which multiple uninsured motorist premiums had been paid. However, claimant may not recover unless he or she is an "insured", and the terms of the contract determine who is insured thereunder. Neither the Oklahoma statute nor the relevant cases dictate mandatory classes of insureds or set mandatory limits of coverage. As indicated by *Keel* and *Richardson,* one may have recourse to multiple automobile insurance policies, but in order to recover, the claimant must first be an insured under each policy. Contract language which excludes a resident of the named insured's household who owns an automobile from coverage as an insured under the uninsured motorist provisions of the policy contravenes neither the express language of the Oklahoma Uninsured Motorist Act nor its underlying policy of providing coverage for tortious conduct which would otherwise go uncompensated. Such language in fact triggers operation of our mandatory insurance statute and clearly places the burden of carrying automobile insurance upon automobile owners.

Since uninsured motorist coverage is mandatory unless waived, the presumption exists that one who owns an automobile

has recourse to some uninsured motorist benefits. The amount of coverage available depends upon and is limited to the contract between the parties. We hold the exclusionary language to be consistent with sound principles of contract and insurance law and valid as measured by the relevant statutory mandates of the Oklahoma Uninsured Motorist Act.

CERTIFIED QUESTION ANSWERED.

IRWIN, HODGES, LAVENDER, DOOLIN, HARGRAVE, OPALA and ALMA D. WILSON, JJ., concur.