Jon Justin GRAY, a minor, By and Through his mother and next friend, Barbara GRAY, Appellees,

v.

MIDLAND RISK INSURANCE COMPANY, Appellant.

No. 83320.

Supreme Court of Oklahoma.

Oct. 1, 1996.

Mark A. Warman, Tulsa, for Appellant.

Carl E. LeForce, Idabel, for Appellees.

HARGRAVE, Justice.

The issue in this case concerns the amount of uninsured motorist coverage applicable when the insured vehicle was operated by a non-designated driver under the terms of the policy. The policy provided for $50,000.00 liability coverage and $50,000 uninsured motorist coverage when the vehicle was being operated by a designated driver. When operated by a non-designated driver, the liability coverage was reduced, under the terms of the policy, to the statutory minimum, $10,-000. Title 36 O.S.1991 § 3636 provides that uninsured motorist coverage shall not exceed the amount of liability coverage. The driver of the vehicle in this case was a non-designated driver. We find that the uninsured motorist coverage in this case for a non-designated driver under the terms of the policy was equal to the amount of liability coverage for a non-designated driver.

Tammy and Gary Robbins provided a truck and trailer rig that they owned for use in a parade on October 4, 1991. Their auto-

mobile insurance policy with Midland Risk Insurance Company (Midland) provided for liability limits of $50,000.00 for the drivers listed in the policy, and for $50,000.00 uninsured motorist coverage. The policy provided that the limits of liability for bodily injury and property damage *would be reduced* to the Oklahoma statutory limits of liability for any claim arising from an automobile accident occurring while any automobile was being driven by any driver not listed on the endorsement. The driver of the vehicle during the parade was not a listed driver under the Midland policy.

The plaintiff, Jon Justin Gray, fell from the trailer and was injured. The parties stipulated that Jon's injuries were in excess of the uninsured motorist insurance, whether it was determined to be $10,000.00 or $50,000.00. Midland moved for summary judgment in the trial court, alleging that Jon was not an insured for purposes of uninsured motorist coverage. In the alternative, Midland argued that if Jon was an insured, his uninsured motorist benefits would be $10,000.00. Jon filed a motion for summary judgment alleging that not only was he an insured, but also that he was entitled to $50,000.00 in uninsured motorist benefits. The plaintiff has settled with everyone except Midland.

The trial court granted summary judgment for plaintiff, ruling that the policy did not specifically provide for reduction of the uninsured benefits. The judgment was affirmed by the Court of Appeals, Division III. The Court of Appeals found that Jon was an insured under the policy and review of that issue has not been brought before us on certiorari. The Court of Appeals affirmed the trial court's summary judgment on the $50,000 uninsured motorist limits, although they recognized that Midland's primary liability under the policy would be limited to $10,000 because the vehicle was *not being driven by a designated driver.* Midland petitioned for writ of certiorari, raising only the question of the amount of coverage. We granted certiorari.

The question is whether the uninsured motorist insurance amount is $10,000.00, under 36 O.S.1991 § 3636(B), which provides that uninsured motorist limits shall not exceed liability limits. Title 36 O.S.1991 § 3636(B) provides in part:

" . . . Coverage shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of Section 7–204 of Title 47 of the Oklahoma statutes . . . provided, however, that increased limits of liability shall be offered and purchased if desired, not to exceed the limits provided in the policy of bodily injury liability of the insured."

Section 3636 places no obligation on an insured to purchase uninsured motorist coverage in any amount. The insurer is required to offer uninsured motorist insurance in accordance with § 3636. An insured who has been offered the option of purchasing uninsured motorist coverage equal to the limits of his liability coverage may choose not to have any uninsured motorist coverage at all. 36 O.S.1991 § 3636(F).[1] In the case at bar, the statute was complied with. As to everyone except the designated drivers listed in the policy, Gary and Tammy Robbins provided the statutorily-required liability insurance in the amount of $10,000. Section 3636(B) provides that uninsured motorist coverage shall not exceed the liability limits, which we interpret in this case as resulting in uninsured motorist coverage for the non-designated drivers of $10,000.00, the statutory minimum.

In a recent case, *May v. National Union Fire Ins. Co.*, 918 P.2d 43 (Okla.1996), we recognized that although there is no requirement in § 3636 that an insured *must* purchase uninsured motorist coverage, the amount that will be *imputed as a matter of law* where the insurer failed to offer uninsured motorist coverage is the statutory minimum of $10,000. In that case, the liability limits were $3,000,000. Where the statute was not complied with in the offering of uninsured motorist coverage after a material

---

1. Title 36 O.S.1991 § 3636(F) provides:
"A named insured or applicant shall have the right to reject uninsured motorist coverage in writing, and except that unless a named insured or applicant requests such coverage in writing, such coverage need not be provided in or supplemental to any renewal, reinstatement, substitute, amended or replacement policy where a named insured or applicant had rejected the coverage in connection with a policy previously issued to him by the same insurer."

change in the policy, we imputed only the statutory minimum.

In *May*, we reiterated the legislative intent underlying § 3636 that every automobile liability insurance policy issued in the state of Oklahoma must have a statutory minimum of uninsured motorist coverage unless that minimum amount is rejected in writing. We said that to impute a higher amount of uninsured motorist coverage would go beyond the mandate of § 3636. We stated that once it appears that the legislative purpose of § 3636 has been served, the statute's mandate is satisfied and freedom-of-contract principles control as to any vehicle coverage in excess of that required by statute. Our decision in the case at bar reflects the same view.

The parties to an insurance contract agree upon the terms of the contract and are free to limit or restrict an insurer's liability. The court will interpret the policy in light of the statute, but will not rewrite the contract. *Shepard v. Farmers Ins. Co., Inc.*, 678 P.2d 250, 251 (Okla.1983). There, contract language that excluded a resident of the named insured's household from coverage under the uninsured motorist provisions of the policy did not violate the express statutory provisions of 36 O.S. § 3636(B), and thus, existed as an unambiguous contract provision. We said that to interpret the contract or the statute differently would be to rewrite one or both. *Shepard* held it not against public policy for a contract of insurance to exclude uninsured motorist coverage to a relative of the insured living in the household if the relative, or the relative's spouse owned their own automobile. We said:

"Under Oklahoma law, insurance policies are issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into the policy." *Id.* at 251.

We noted that in *Shepard* the plaintiff was "attempting to aggregate claims in order to obtain benefits under policies for which she had not paid premiums." The amount of coverage available depends upon and is limited to the contract between the parties. We held the exclusionary language to be consistent with sound principles of contract and insurance law and valid as measured by the relevant statutory mandates of the Oklahoma Uninsured Motorist Act.

In *Lake v. Wright*, 657 P.2d 643, 645 (Okla. 1982), we said:

"Thus, we feel permitting an insured to purchase increased uninsured motorist limits, not to exceed the bodily injury liability, gave the insured the right, if he chose, since he had to have liability coverage for the protection of others, to be protected to the same extent, but not to exceed, that liability coverage in his policy or policies."

The Appellant draws our attention to this Court's recent decision in *Withrow v. Pickard*, 905 P.2d 800 (Okla.1995), as reiterating that uninsured motorist coverage cannot exceed the amount of liability insurance. The appellee argues that *Withrow* is distinguishable because it involved stacking. *Withrow* held that where the insured was charged only one premium for UM coverage for multiple vehicles and the evidence showed that he intended to agree to single UM coverage, the insured was not entitled to stack his UM coverage. We noted that Withrow exercised his option to purchase the maximum amount of UM coverage allowed by law in light of his policy's bodily injury liability limits. We said that nothing in 36 O.S. § 3636 requires stacking in the face of an express provision of a policy providing to the contrary. *Accord, Breakfield v. Oklahoma Farmers Union Mutual Ins. Co.*, 910 P.2d 991 (Okla.1995). The case at bar does not involve stacking.

In *Moser v. Liberty Mutual Ins. Co.*, 731 P.2d 406, 409 (Okla.1986), we said that the purpose of the uninsured motorist provision, when viewed in light of the requirement that it provide minimum standards of protection, is that it place the insured in the same position he would have been in if the negligent uninsured motorist had complied with Oklahoma laws concerning financial responsibility. Where it appears that the statute's purpose has been served, the statute's mandate is satisfied.

The statute's purpose is served where the uninsured motorist coverage is the same as the liability coverage. In this case, the policy of insurance provides for different amounts of liability coverage for certain named and unnamed drivers. Under the unambiguous language of Title 36 O.S.1991 § 3636(B), the amount of uninsured motorist coverage is not to exceed the limits of liabili-

ty coverage. Accordingly, we find that the uninsured motorist coverage applicable in the case at bar is $10,000 and that the trial court erred in granting summary judgment for the plaintiffs. The opinion of the Court of Appeals is vacated and the judgment of the trial court is reversed and remanded.

**CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, THE OPINION OF THE COURT OF APPEALS IS VACATED AND THE JUDGEMENT OF THE TRIAL COURT IS REVERSED AND REMANDED TO THE TRIAL COURT WITH DIRECTIONS TO ENTER JUDGMENT IN ACCORDANCE WITH THIS OPINION.**

LAVENDER, SIMMS, OPALA, SUMMERS and WATT, JJ., concur.

KAUGER, V.C.J., concurs by stare decisis.

WILSON, C.J., and HODGES, J., dissent.