2005 OK CIV APP 23

**Ryan R. AMEEN, Plaintiff/Appellant,**

v.

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant/Appellee.**

No. 101,230.

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 19, 2004.

Rehearing Granted in part and Denied in part, Dec. 27, 2004.

Certiorari Denied March 7, 2005.

---

Rex K. Travis, Oklahoma City, OK, for Plaintiff/Appellant.

A. Mark Smiling, Jane R. Cowdery, The Smiling Law Firm, Tulsa, OK, for Defendant/Appellee.

Opinion by CAROL M. HANSEN, Judge.

¶1 Plaintiff/Appellant, Ryan R. Ameen, seeks review of the trial court's order granting summary judgment in favor of Defendant/Appellee, Prudential Property and Casualty Insurance Company (Insurer) in Ameen's action to recover (1) benefits under the uninsured/underinsured motorists (UM) section of his parents' insurance policy with Insurer and (2) damages for bad faith refusal to settle the claim. We reverse as to the claim for benefits, holding the provisions of the policy limiting UM coverage based on the type of vehicle occupied at the time of the accident violate the public policy of 36 O.S. 2001 § 3636 (superseded on Nov. 1, 2004 by 36 O.S. Supp.2004 § 3636, Laws 2004, c. 519, § 25.) We affirm as to the bad faith claim, holding the parties had a legitimate dispute concerning UM coverage under the policy. We remand for further proceedings consistent with this opinion, with instructions to grant Ameen's motion for partial summary judgment declaring the subject policy provides coverage for his claim.

¶2 Ameen was test-driving a third-party's motorcycle when he had an accident with a car driven by Darlene Johnson. Johnson's insurer tendered its liability policy limit of $10,000.00 to Ameen. Ameen asserted his damages exceeded that amount and sought to recover UM benefits from Insurer. After Insurer refused to pay, Ameen brought the instant suit. Insurer answered and denied liability.

¶ 3 The parties entered stipulations agreeing to the following facts. Ameen lives with his parents, Robert R. Ameen and Leanna S. Ameen, who are the named insureds on a policy of automobile liability insurance with Insurer. The policy provides UM coverage of $250,000.00 per person and $500,000.00 per accident, and medical pay coverage of $5,000.00 per person. Ameen is listed in the policy as a "licensed operator resident." On June 8, 2003, he was involved in a motor vehicle accident in Tulsa. Ameen was operating a motorcycle southbound on South Sheridan and Darlene Johnson was operating a car northbound on South Sheridan when Johnson made a left turn into Ameen's lane and the two vehicles collided. Ameen sustained injuries as a result of the accident. The motorcycle was owned by Tom Coryell, a resident of Kansas. Ameen claims the accident was caused solely by Johnson's negligence, and his damages exceed the liability limits of Johnson's liability insurance policy. Insurer does not agree Johnson is uninsured or underinsured or that her negligence was the sole cause of the accident. Ameen made demand for UM coverage and medical pay coverage under Insurer's policy. Insurer denies coverage is available under the circumstances of the subject motor vehicle accident.

¶ 4 Insurer moved for summary judgment, asserting Ameen was not an insured under the policy for the purposes of UM or medical pay coverage. In support, it submitted a copy of the policy. The declarations page stated the named insured were "Ameen Robert R and Leanna S.," and listed four cars covered by the policy. A chart entitled "Licensed Operator(s) in Your House" listed four persons, including Ameen, his parents, and Michelle R. Ameen. After each person's name was his or her date of birth and the number of "Surcharge Points" attributed to that person. A chart entitled "Discounts, Credits, and Surcharges Applied To Your Premium" showed a "Good Student Discount" applied to two cars, a "Driver Training Discount" applied to Ryan Ameen and to Michelle R. Ameen, and an inexperienced driver surcharge applied to Michelle R. Ameen.

¶ 5 The policy contained separate definitions for "car" and "motor vehicle." Under the UM section, the policy provided,

D. WHO IS INSURED (PART 4)

1. In Your Car (Includes A Substitute Car)

You and any persons you give permission to use this car are insured as long as they use it in the way you intended when you gave permission.

2. In A Non–Owned Car

You and a resident relative are insured while using a non-owned car. The owner must give permission to use it. It must be used in the way intended by the owner.

3. Hit By A Motor Vehicle

If you are hit by an uninsured motor vehicle while a pedestrian, you are insured. If a resident relative is hit by an uninsured motor vehicle while a pedestrian, that resident relative is insured.

The medical pay section provided a similar definition of who is insured. Insurer argued these sections excluded Ameen as an insured for medical pay and UM coverage because he was operating a motorcycle at the time of the accident.

¶ 6 Ameen objected and counter-moved for partial summary judgment as to insurance coverage, arguing he was insured under the policy, and therefore under the language of 36 O.S.2001 § 3636 and the Oklahoma Supreme Court cases interpreting it, Insurer could not dilute his UM coverage. The trial court denied Ameen's motion and granted summary judgment in favor of Insurer. Ameen appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.2001, Ch. 15, App. 1.

¶ 7 Because a grant of summary judgment involves purely legal determinations, we will review the trial court's decision under a de novo standard. *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051, 1053. Summary judgment is appropriate only when there is no substantial controversy as to any material fact and one of the parties is entitled to judgment as a matter of law. 12 O.S. Supp. 2002, Ch. 2, App. 1, Rule 13.

¶ 8 The UM statute in effect at the time of Ameen's accident, 36 O.S.2001 § 3636, provided in part,

A. No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be issued, delivered, renewed, or extended in this state with respect to a motor vehicle registered or principally garaged in this state unless the policy includes the coverage described in subsection B of this section.

B. The policy referred to in subsection A of this section shall provide coverage therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.

¶ 9 In *Cothren v. Emcasco Insurance Company* (*Cothren*), 1976 OK 137, ¶¶ 14 and 15, 555 P.2d 1037, the Oklahoma Supreme Court interpreted § 3636 as forbidding exclusions of coverage that are inconsistent with the purpose and philosophy of mandatory uninsured motorist coverage. The plaintiff in *Cothren* was injured by an uninsured motorist while he was a passenger on a motorcycle owned by his parents but not listed as an insured vehicle on their insurance policy. The policy contained a provision excluding from UM coverage injury to an insured while occupying a non-insured highway vehicle owned by the insured or a relative resident in the insured's household. The trial court granted summary judgment in favor of the insurer. In reversing, the Court quoted with approval a Florida case involving a similar clause: "the exclusion clause here is an invalid restriction because it is not the intent of the statute to limit coverage to an insured by specifying his location or the particular vehicle he is occupying at the time of injury." *Id.* at ¶ 9 (quoting *Travelers Indemnity Co. v. Powell*, 206 So.2d 244 (Fla.App.1968)).

¶ 10 On the other hand, the Court held the exclusionary language under consideration in *Shepard v. Farmers Ins. Co., Inc.*, 1983 OK 103, 678 P.2d 250, did not violate § 3636. The personal representative of the deceased driver's estate sought to stack the UM benefits of the policy applicable to the car the deceased was driving with those of her father's policies. The contract language of the father's policies denied UM coverage for a relative of the insured living in the same household if the relative or his/her spouse owned an automobile. In upholding the validity of the exclusion, the Court reasoned the plaintiff was not an insured under the policy terms and was attempting to obtain benefits under policies for which she had not paid premiums. It stated,

Since uninsured motorist coverage is mandatory unless waived, the presumption exists that one who owns an automobile has recourse to some uninsured motorist benefits. The amount of coverage available depends upon and·is limited to the contract between the parties. We hold the exclusionary language to be consistent with sound principles of contract and insurance law and valid as measured by the relevant statutory mandates of the Oklahoma Uninsured Motorist Act.

*Id.* at ¶ 9.

¶ 11 In *State Farm Mut. Auto. Ins. Co. v. Wendt*, 1985 OK 75, 708 P.2d 581, the Court considered the validity of a clause excluding UM coverage when the named insured or residents of the named insured's household were injured by the negligent acts of an uninsured permissive user or driver of the insured vehicle. In finding the exclusion invalid, the Court stated,

In conformity with the clearly expressed legislative intent [of § 3636], above, every automobile liability policy issued in this state must provide uninsured motorist coverage for "persons insured thereunder." Accordingly, this Court has examined with critical scrutiny policy provisions which purport to dilute the legislatively mandated uninsured motorist coverage.... We today reiterate and re-emphasize the viability of our prior decisions, which hold to the principle that once a person is insured under an uninsured motorist policy, subsequent exclusions inserted by the insurer in the policy which dilute and impermissively limit uninsured motorist coverage are void as violative of the public policy espoused by 36 O.S.1981 § 3636.

*Id.* at 583.

¶ 12 The Court then revisited the public policy of § 3636 in *Graham v. Travelers Ins. Co. (Graham)* 2002 OK 95, 61 P.3d 225. In that case, the plaintiff was injured in a car accident while driving his personal vehicle on business for his employer. He sought UM benefits under his employer's policy. The policy provided liability coverage for the named insured's employees while using their own cars on company business, but excluded UM coverage for employees operating a vehicle not owned by the employer. The trial court granted summary judgment in favor of the insurer. *Id.* at 227.

¶ 13 In affirming, the Court stated the employer and the insurer were free to agree on the terms of the contract and to limit or restrict the insurer's liability, and although the Court would interpret the policy consistently with the statute, it would not rewrite the contract. *Id.* at 229. It noted the law required the employee to insure his vehicle for liability, and § 3636 provided him the opportunity to accept or reject UM coverage. The Court concluded the contract provisions limiting UM coverage to company-owned vehicles did not violate the public policy of § 3636. *Id.* § 230.

¶ 14 In the instant case, Insurer crafted the policy so as to redefine who was insured under the policy within each subdivision of coverage. Insurer argued Ameen was not an insured under the terms of the policy for the purposes of UM coverage if he was not in a car or on foot at the time of the accident. However, such provisions violate § 3636. The statute requires that an automobile liability policy provide UM coverage "for the protection of persons insured thereunder." Ameen is listed as a resident relative under the policy and his parents paid a premium for his coverage. The premium included surcharges and discounts based upon Ameen's status. Therefore, Ameen is insured under his parents' automobile liability policy and is entitled to UM benefits under the policy. Insurer may not dilute the legislatively mandated UM coverage by restricting coverage based upon the particular vehicle the insured is occupying at the time of injury. The policy provisions purporting to do so violate the public policy of § 3636. Unlike the claimants in *Shepard* and *Graham*, Ameen did not own a vehicle not covered by the policy; he did not otherwise have the opportunity to accept or reject UM coverage.

¶ 15 Accordingly, we must reverse the trial court's summary judgment in favor of Insurer on Ameen's claim for UM coverage. We instruct the trial court to grant Ameen's motion for partial summary judgment declaring the subject policy provides coverage for his claim. Because we base our holding on the application of § 3636, we need not consider Ameen's contention the policy language was ambiguous.

¶ 16 Ameen also sought to recover for bad faith breach of an insurance contract. An insurer may be liable in tort for unreasonably and in bad faith withholding payment of the claim of its insured. *Christian v. American Home Assur. Co.,* 1977 OK 141, 577 P.2d 899, 904. However, "[b]ecause disagreements can arise concerning the amount of coverage, cause of loss, and breach of policy conditions, the tort of bad faith does not prevent the insurer from resisting payment or resorting to a judicial forum to resolve a legitimate dispute." *Skinner v. John Deere Ins. Co.,* 2000 OK 18, 998 P.2d 1219, 1223.

¶ 17 In this case, the issue of whether Ameen was entitled to UM benefits under the subject policy was an issue of law. We hold the parties had a legitimate dispute as to the interpretation of the contract language in light of Oklahoma's UM statute. Therefore, Insurer is entitled to summary judgment on Ameen's bad faith claim as a matter of law.

¶ 18 For the foregoing reasons, the trial court's summary judgment is REVERSED as to the claim for UM benefits and AFFIRMED as to the bad faith claim. This matter is REMANDED for further proceedings consistent with this opinion, with instructions to grant Ameen's motion for partial summary judgment declaring the subject policy provides coverage for his claim.

JOPLIN, J., concurs, and MITCHELL, P.J., concurs in result.