2008 OK CIV APP 41

**NATIONAL AMERICAN INSURANCE COMPANY, Plaintiff/Appellee,**

v.

**Clyde VALLION, Defendant/Appellant.**

**No. 102,017.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 20, 2007.

Certiorari Denied March 31, 2008.

---

Robert S. Lafferrandre, Larry G. Cassil, Jr., Amy R. Steele, Pierce, Couch, Hendrickson, Baysinger & Green, LLP, Oklahoma City, OK, for Plaintiff/Appellee.

Larry A. Tawwater, Darren M. Tawwater, The Tawwater Law Firm, P.L.L.C., Oklahoma City, OK, for Defendant/Appellant.

ROBERT DICK BELL, Judge.

¶1 Clyde Vallion, Defendant/Appellant, appeals from the trial court's grant of summary judgment in favor of Plaintiff/Appellee, National American Insurance Company (Insurance Company), in Insurance Company's declaratory judgment action. For the reasons set forth below, we affirm the judgment of the trial court.

¶2 Vallion is an employee of Edmond Public School District (School District). On December 19, 2005, Vallion was injured while riding as a passenger in a vehicle owned by School District. The collision was caused by an underinsured third party. At the time of the accident, School District's vehicle was covered under an insurance policy issued by Insurance Company. Subject to certain terms, conditions, exclusions and definitions, the policy provides for uninsured/underinsured motorist (UM) coverage.

¶3 After Vallion made a claim for UM benefits under the insurance policy, Insurance Company filed the instant declaratory judgment action seeking a determination that Vallion is not entitled to UM benefits. School District was the "named insured" under the policy. The endorsement section of the policy provides in relevant part:

**NATIONAL AMERICAN INSURANCE COMPANY**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**OKLAHOMA UNINSURED MOTORIST COVERAGE NON–STACKED**

\* \* \*

**B. WHO IS AN INSURED**

\* \* \*

5. The following are not insureds:

a. Any person other than a named insured individual "occupying" a covered "auto" who owns a motor vehicle subject to the security requirements of the Oklahoma Financial Responsibility Law or financial security under the law of any other state.

**C. EXCLUSIONS**

This insurance does not apply to:

\* \* \*

6. "Bodily injury" sustained by anyone other than a named insured individual "occupying" a covered "auto" (including without limitation your employees, independent contractors, or any permissive user or occupant) who owns a motor vehicle subject to the security required by the Oklahoma Financial Responsibility Law or financial security under the law of any other state.

**D. LIMIT OF INSURANCE**

1. Regardless of the number of covered "autos," "insured," premiums paid, claims made or vehicles involved in the "accident," the limit of insurance is as follows:

\* \* \*

However, no "insured" will be entitled to receive duplicate payments for the elements of loss. In no event shall an amount be paid or payable under this insurance for "bodily injury" to any one person in addition to any uninsured motorists coverage applicable to one or more motor vehicles owned by any such person or for which such person is entitled to uninsured motorist coverage under any other policy or policies.

■ ¶ 4 Insurance Company maintains that even though Vallion was injured while riding in a district-owned vehicle, the policy language excludes UM coverage for him because he owns a personal motor vehicle (Vallion actually owns two) and is insured under an insurance policy in compliance with the Oklahoma Financial Responsibility Act, 47 O.S.2001 § 7–101 et seq. (the Act). This Act requires owners to maintain liability insurance on their automobiles. The record reveals Vallion has UM coverage under one of his personal automobile insurance policies. *See* 36 O.S. Supp.2004 § 3636. The purpose of the UM provision in Vallion's insurance contract is "*to protect the insured from the effects of personal injury from an accident with another motorist who either carries no insurance or has inadequate coverage.*" *Burch v. Allstate Ins. Co.,* 1998 OK 129, ¶ 13, 977 P.2d 1057, 1063 (emphasis in original).

¶ 5 In its motion for summary judgment, Insurance Company pointed out similar contractual exclusions were upheld in *Shepard v. Farmers Ins. Co.,* 1983 OK 103, 678 P.2d 250, and *Graham v. Travelers Ins. Co.,* 2002 OK 95, 61 P.3d 225. Insurance Company also noted that *this identical exclusion* was recently upheld by this division in *National American Ins. Co. v. Fanning,* No. 103,773 (Okla.Civ.App. Feb. 15, 2007) (unpublished). Vallion argued Insurance Company's denial of benefits violates § 3636 and that certain policy language is ambiguous.

¶ 6 The trial court rejected Vallion's arguments and granted summary judgment to Insurance Company. From said judgment, Vallion appeals. This matter stands submitted for accelerated appellate review on the trial court record pursuant to Rule 13(h), *Rules for District Courts,* 12 O.S. Supp.2002, Ch. 2, App. 1, and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S. Supp.2003, Ch. 15, App.

¶ 7 This Court's standard of review of a trial court's grant of summary judgment is *de novo. Hoyt v. Paul R. Miller, M.D., Inc.,*

1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Coop.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674. When this Court reviews the trial court's grant of summary judgment, all inferences and conclusions drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Id.* Summary judgment disposes solely of issues of law which this Court reviews by a *de novo* standard. *Jacobs Ranch, L.L.C. v. Smith*, 2006 OK 34, ¶ 17, 148 P.3d 842, 848. This Court's *de novo* review is plenary, independent and non-deferential. *Id.*

¶ 8 The arguments raised by Vallion herein are substantially similar to those we recently rejected in *Fanning* under an insurance policy with identical exclusionary language. Although the *Fanning* decision is not binding precedent, *see* Oklahoma Supreme Court Rule 1.200(b)(5), the opinion nonetheless recites applicable, controlling law. For the same reasons set forth in *Fanning*, we again reject the arguments pressed in this appeal. Much of *Fanning* is, therefore, restated below.

¶ 9 In *Shepard v. Farmers Ins. Co., supra,* the Supreme Court held a UM policy provision which excluded a resident of the named insured's household who owns an automobile from coverage as an insured was valid because the presumption existed that an automobile owner had recourse to some UM benefits. The Court explained:

> Contract language which excludes a resident of the named insured's household who owns an automobile from coverage as an insured under the uninsured motorist provisions of the policy contravenes neither the express language of the Oklahoma Uninsured Motorist Act nor its underlying policy of providing coverage for tortious conduct which would otherwise go uncompensated. Such language in fact triggers operation of our mandatory insurance statute and clearly places the burden of carrying automobile insurance upon automobile owners.

> Since uninsured motorist coverage is mandatory unless waived, the presumption exists that one who owns an automobile has recourse to some uninsured motorist benefits. The amount of coverage available depends upon and is limited to the contract between the parties.

*Shepard,* 1983 OK 103 at ¶¶ 8 and 9, 678 P.2d at 252–53.

¶ 10 In *Graham v. Travelers Ins. Co., supra,* the plaintiff was injured in a car accident while driving his personal vehicle on his employer's business. The plaintiff claimed UM benefits under the employer's policy. The policy provided liability coverage for employees using their own vehicles on the employer's business, but excluded UM coverage for employees operating a non-employer owned vehicle. The Supreme Court revisited *Shepard* and affirmed the trial court's summary judgment in favor of the insurer. The Court reiterated that parties to a contract are free to agree upon the terms and may limit or restrict an insurer's liability; and, while this Court will interpret the policy consistent with the statute, it will not rewrite the contract. *Graham,* 2002 OK 95 at ¶ 17, 61 P.3d at 229.

¶ 11 *Graham* further held Oklahoma law required the employee to insure his own vehicle for liability and § 3636 provided the employee with the opportunity to accept or reject UM coverage; therefore, the contractual provision which limited UM coverage to employer-owned vehicles did not violate public policy. *Id.* at ¶¶ 20–21, 61 P.3d at 230.

¶ 12 In our recent opinion in *Fanning*, the defendant, a Union Public School District employee, was injured while exiting a district-owned vehicle insured by National American Insurance Company. As previously stated, the policy at issue in *Fanning* contained the identical exclusionary language at issue in this case. The *Fanning* defendant contended *Shepard* and *Graham* were inapplicable because neither involved a named insured who was operating a company-owned vehicle at the time of injury. Vallion makes a similar argument here. The *Fanning* defendant further argued he was an intended "named insured" under the broad umbrella policy issued to "Union Public

Schools" because all the attributes of the school district entity (*i.e.* its employees and vehicles) should be reasonably included within the rubric of the entity. To hold otherwise, Fanning argued, would lead to an absurdity because Insurance Company would collect premiums for UM benefits which would never be paid to an intangible entity. As support, Fanning cited *Ameen v. Prudential Prop. and Cas. Ins. Co.*, 2005 OK CIV APP 23, 110 P.3d 86. Vallion, like the *Fanning* defendant, also relies on *Ameen* in support of his argument that Insurance Company's denial of UM benefits violates § 3636.

¶ 13 In *Ameen*, the plaintiff sued his parent's automobile insurance company for bad faith denial of his claim for UM benefits. The insurance company denied coverage on the basis that the plaintiff was not an insured because he was operating a motorcycle at the time of injury. The appellate court reversed the trial court's judgment in favor of the insurer. It held insurance policy provisions which redefined an insured based on his location or the particular vehicle he was occupying at the time of injury were invalid. Because Ameen was listed as a resident relative under his parent's automobile insurance policy and his parents paid a premium for Ameen's coverage, the appellate court held Ameen was an insured under the policy and was entitled to UM benefits. *Ameen* distinguished *Shepard* and *Graham* explaining that unlike these two cases, the plaintiff in *Ameen* did not own a vehicle not covered by the policy nor did he have the opportunity to accept or reject UM coverage. *Ameen* at ¶ 14, 110 P.3d at 90.

¶ 14 The *Fanning* decision also discussed whether a person must to be substituted for an entity which is the named insured. Insurance Company pointed out a similar argument was made and rejected by the Oklahoma Supreme Court in *American Econ. Ins. Co. v. Bogdahn*, 2004 OK 9, 89 P.3d 1051. In *American,* the insurance company brought an action in Federal court to declare its non-liability under a UM provision of a commercial automobile policy issued to a closely-held company. The insurer denied the claim for UM benefits asserted by the company's sole shareholder on behalf of his minor son who was injured while riding a friend's uninsured all-terrain vehicle. The claim was denied on the basis that the minor child was not an insured under the UM provision. The question of the insurer's liability was certified to the Oklahoma Supreme Court. The Supreme Court rejected the argument that the names of the many employees of a given company had to be substituted for the named insured entity and held the minor son of the owner of the insured entity was not an insured for purposes of UM coverage under the entity's policy.

¶ 15 In both *Fanning* and here, Insurance Company distinguishes *Ameen* by claiming the invalid provision in *Ameen* conflicted with § 3636 because it attempted to tie UM coverage to the vehicle and not to the persons insured thereunder. Whereas, Insurance Company maintains, a similar conflict did not occur in either *Fanning* or the instant case.

■ ¶ 16 After *de novo* review of the record, we find no error with the trial court's determination that Vallion is not an insured. The insurance policy unambiguously identifies School District as the "named insured." We further decline to substitute Vallion for the named insured entity. *See American, supra.* Additionally, we hold Vallion does not qualify as an insured by reason of his occupancy of a covered district-owned vehicle at the time of his injury. The insurance policy unambiguously excludes as an insured any person, other than the "named insured," occupying a covered vehicle if that person owned a motor vehicle subject to the Act. Vallion owns his own vehicles and maintains UM coverage under one of his own personal automobile insurance policies. Therefore, Vallion falls squarely within the exclusion language. We reiterate parties to insurance contracts are free to contract for insurance to cover such risks as they see fit and are bound by the terms of the contract and this Court is not at liberty to rewrite the terms of the insurance contract. *American* at ¶ 8, 89 P.3d at 1054. We find no ambiguities in the instant policy.

■ ¶ 17 Vallion further contends on appeal that the insurance policy provision relied upon by the trial court to exclude him as an

insured for purposes of UM coverage circumvents § 3636 and applicable case law and is therefore invalid. *Shepard* and *Graham* hold otherwise. Vallion's ownership of his own personal automobiles subjected him to the mandatory provisions of the Act and provided him with the opportunity to either accept or reject UM benefits under his own automobile insurance policies. Therefore, this contractual exclusion in School District's insurance policy does not contravene the legislative intent of § 3636.

¶ 18 On the basis of the foregoing and after *de novo* review of the record, we hold there exist no genuine issues of material fact and that Insurance Company is entitled to judgment as a matter of law. The trial court's judgment is therefore affirmed.

¶ 19 AFFIRMED.

HANSEN, P.J., and BUETTNER, J., concur.