2009 OK CIV APP 61

**Barry CONNER, Plaintiff/Appellant,**

v.

**AMERICAN COMMERCE INSURANCE, a Massachusetts Insurance Company, Defendant/Appellee.**

**No. 106415.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 9, 2009.

Rehearing Denied Feb. 20, 2009.

Certiorari Denied April 20, 2009.

Nathan E. Barnard, Barnard Law Firm, Tulsa, OK, for Plaintiff/Appellant.

Phil R. Richards, Thomas D. Hird, Patrick W. Wandres, Richards & Connor, Tulsa, OK, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶1 Plaintiff, Barry Connor, insured his motorcycle, with AIG. In purchasing the AIG policy, he rejected uninsured motorist [UM] coverage. Jimmy and Clara Connor, Plaintiff's parents, are the named insureds of Defendant, American Commerce Insurance Company. Plaintiff, a resident relative of the named insureds, is listed in Defendant's policy as a driver.

¶2 Plaintiff was driving his motorcycle when he became involved in an accident with an allegedly underinsured motorist. Following his accident, Plaintiff requested UM benefits from Defendant. Defendant denied coverage based on its policy which contains an exclusion precluding UM coverage for a resident relative when he is injured while occupying a motor vehicle owned by him which is not insured for UM coverage. Plaintiff filed a lawsuit against Defendant alleging breach of contract and bad faith denial of his insurance claim.

¶3 Defendant filed a motion for summary judgment. In its Order Sustaining Defendant's Motion for Summary Judgment, the trial court found "[t]he material facts advanced by Defendant are admitted. The issue of law presented is whether or not Defendant, as insurer, is permitted to preclude UM coverage from extending to a vehicle which it does not insure and which is not otherwise covered for UM by any other insurer." It concluded that based on *Shepard v. Farmers Ins. Co., Inc.,* 1983 OK 103, 678 P.2d 250 and *National American Ins. Co. v. Vallion,* 2008 OK CIV APP 41, 183 P.3d 175, Defendant's legal position was correct, and because there was no coverage under the policy, there was no breach of contract.

Therefore, Plaintiff's claims failed as a matter of law. Plaintiff appeals.

¶ 4 In the present matter, there is no genuine issue as to any material fact. The issue to be determined is purely an issue of law. This Court will review the trial court's sustention of Defendant's motion for summary judgment by a *de novo* standard. *National American Ins. Co. v. Vallion, supra.*

■ ¶ 5 In his petition in error, Plaintiff claims the trial court erred in granting Defendant's motion for summary judgment because pursuant to *36 O.S.2001 § 3636,* an insurer cannot properly deny extension of UM coverage to a resident relative when he is occupying a motor vehicle insured by another policy which does not contain UM coverage. Title 36 2008 Supp. § 3636(E)[1] provides:

> E. For purposes of this section, there is no coverage for any insured while occupying a motor vehicle owned by, or furnished or available for the regular use of the named insured, a resident spouse of the named insured, or a resident relative of the named insured, if such motor vehicle is not insured by a motor vehicle insurance policy.

Defendant policy exclusion provides, in pertinent part:

> A. We do not provide [UM] coverage for "bodily injury" sustained by any "insured:"
>
> 1. Who is a "family member," while "occupying," ... any motor vehicle owned by that person:
>
>     . . . .
>
>     b. which is not insured for [UM] coverage.

■ ¶ 6 Under Oklahoma law, insurance policies are issued pursuant to statutes, and the provisions of those statutes are given force and effect as if written into the policy. *Shepard v. Farmers Ins. Co., Inc.,* 1983 OK 103, 678 P.2d 250. Plaintiff submits Defendant's policy exclusion does not comply with § 3636(E), and that based on that statute, as

a resident relative of the named insureds, he is entitled to have UM coverage extended to him because his motorcycle is insured by AIG, even though he rejected UM coverage through AIG.

■ ¶ 7 We disagree. Oklahoma public policy is that all vehicles carry liability insurance for the protection of the public. Consistent with this public policy, § 3636(E) does not allow a resident relative to avoid the protection of the public by not obtaining liability coverage on his vehicle while, at the same time, enjoying insurance protection through UM coverage on another vehicle.

¶ 8 Even though Plaintiff did obtain liability insurance on his motorcycle through AIG, because UM coverage is mandatory unless waived, the presumption exists that he also had recourse to some UM benefits. Thus, the policy exclusion which does not allow UM coverage from extending to a vehicle which Defendant does not insure and which is not otherwise covered for UM by any other insurer is not inconsistent with the purpose of § 3636(E).

¶ 9 The trial court did not err in determining that Defendant may preclude UM coverage from extending to Plaintiff's motorcycle, which it does not insure and which is not otherwise covered for UM by any other insurer. As a result, it did not err in further determining that because there is no coverage under the policy, there is no breach of contract, and Plaintiff's claims must fail as a matter of law.

AFFIRMED.

JOPLIN, J., and MITCHELL, C.J., concur.

1. In 2004, section 3636 was amended with the addition of subsection (E).