2010 OK 35

Jonathan MORRIS, an individual,
Plaintiff,

v.

AMERICA FIRST INSURANCE
COMPANY, Defendant.

No. 107,284.

Supreme Court of Oklahoma.

April 20, 2010.

Rehearing Denied Sept. 13, 2010.

Rex Travis, Paul Kouri, Oklahoma City, OK, for plaintiff.

Tim D. Cain, Barbara K. Buratti, Wilson, Cain & Acquaviva, Oklahoma City, OK, for defendant.

WINCHESTER, J.

¶1 Pursuant to 20 O.S.2001, § 1604,[1] the United States District Court for the Western

---

1. 20 O.S.2001, § 1604 provides:
"Contents of Certification Order.
"A. A certification order must contain:
"1. The question of law to be answered;
"2. The facts relevant to the question, showing fully the nature of the controversy out of which the question arose;
"3. A statement acknowledging that the Supreme Court or Court of Criminal Appeals of this state, acting as the receiving court, may reformulate the question; and
"4. The names and addresses of counsel of record and parties appearing without counsel.
"B. If the parties cannot agree upon a statement of facts, the certifying court must determine the relevant facts and state them as a part of its certification order."

District of Oklahoma certifies the following question of law to this Court:

"Is a provision in an automobile insurance policy that excludes UM coverage for bodily injury sustained by any insured who is a resident family member, while occupying, or when struck by, any motor vehicle owned by that person which is not insured for uninsured motorist coverage at the time of the accident in conflict with 36 O.S.2004 Supp. § 3636 and therefore void and/or unenforceable?"

## I. FACTS

¶ 2 The federal court presents the following facts. On August 18, 2006, in the state of Washington, the plaintiff, Jonathan Morris, while driving his own Freightliner semi, collided with Jena Heidloff. She was driving her car the wrong way in Mr. Morris's lane of traffic and she died in the subsequent collision, which injured Mr. Morris. At the time of the wreck, Mr. Morris was on the job as an independent contractor for Miller Trucking. USAA, the insurer for Ms. Heidloff, paid the policy's $100,000.00 liability limits to Mr. Morris.

¶ 3 The contract between Miller Trucking and Mr. Morris required that he obtain and maintain liability insurance on his semi, but did not require him to carry uninsured/underinsured (UM) insurance.[2] Mr. Morris purchased insurance for his semi through Miller Trucking. He understood that the policy did not include UM coverage. He also understood that he had the option of independently purchasing such insurance coverage.

¶ 4 Besides the semi, Mr. Morris owned two personal vehicles that he insured with Allstate. That policy included UM coverage with $25,000.00 per person limits. After the accident, Allstate paid the $25,000.00 UM limits.

¶ 5 At the time of the wreck, Mr. Morris was a resident of his mother's home in Ponca City, Oklahoma. He had moved in with her after selling his house about a month before the collision. His mother, Kathy Smith, accompanied him on the trip to Washington and was also injured in the collision. West American Insurance Company of the Ohio Casualty Group, which is now owned by the defendant, America First Insurance Company, insured Mrs. Smith. That policy included $100,000.00 per person UM coverage, and was a renewal policy issued several months before Mr. Morris moved back in with Mrs. Smith. She was the only "named insured" and she and her husband are the only "listed drivers" under the policy.

¶ 6 None of Mr. Morris's vehicles were listed as "covered autos" under Mrs. Smith's policy, and he paid no part of the premium. But he was an "insured" under the policy as a resident of the household. The policy excluded UM coverage for an "insured" who was a family member and was injured while occupying a vehicle he owned that was not insured for UM coverage at the time of the accident.

¶ 7 After Mr. Morris submitted a claim under the UM provisions of his mother's policy, West American denied his claim citing the exclusion. He filed a lawsuit alleging causes of action for breach of contract and bad faith arising from the insurer's denial of his UM claim. He contended that the exclusion violates 36 O.S.Supp.2004, § 3636, and is therefore unenforceable.

## II. DISCUSSION

▇ ¶ 8 The defendant asserts that limitations are permitted on UM coverage when individuals own a vehicle and have had an opportunity to purchase UM coverage for the vehicle. The defendant concludes that the exclusion in Mrs. Smith's policy is an express, unambiguous exclusion and that Mr.

---

**2.** That contract specifically provided: "In addition to the insurance coverages required under this Agreement, it is CONTRACTOR'S responsibility to procure, carry and maintain any ... uninsured and/or uninsured motorist ... or other insurance coverage that CONTRACTOR may desire for the Equipment or for CONTRACTOR'S health care or other needs ... CONTRACTOR acknowledges that CARRIER may, and CONTRACTOR hereby authorizes CARRIER to, waive and reject no-fault, uninsured, and underinsured motorist coverage from CARRIER'S insurance policies to the extent allowed under Oklahoma law ... and CONTRACTOR shall cooperate in the completion of all necessary documentation for such waiver, election, or rejection."

Morris is clearly precluded coverage under the undisputed facts of this case.

¶ 9 The plaintiff argues that the defendant cannot distinguish the exclusion found in its policy with Mrs. Smith from that voided in *Cothren v. Emcasco Ins. Co.*, 1976 OK 137, 555 P.2d 1037. The claimant in that case was injured while riding as a passenger on a motorcycle, which collided with an uninsured motor vehicle. His stepfather had an automobile liability policy with EMCASCO that included an uninsured motorist provision. It provided that "insured" meant the named insured and any designated insured, and where residents of the same household, the relatives of either. Under that provision, the claimant would be an insured.

¶ 10 The EMCASCO policy's uninsured motorist provision excluded an insured who occupied an uninsured vehicle owned by the "named insured, any designated insured or any relative resident in the same household" of those insured. *Cothren,* 1976 OK 137, ¶ 5, 555 P.2d at 1038. Title to the motorcycle was in either the name of the mother or stepfather of the claimant, but the motorcycle was not listed as an insured vehicle under the policy. On its face, the uninsured motorist provision would have left the claimant uninsured.

¶ 11 The *Cothren* Court held the exclusion to be inconsistent with the requirements of Oklahoma's UM statute. The Court cited the reasoning of sister jurisdictions, and quoted *Nygaard v. State Farm Mut. Auto. Ins. Co.,* 301 Minn. 10, 221 N.W.2d 151 (1974), that Minnesota's UM statute "does not purport to tie protection against uninsured motorists to occupancy of the insured vehicle." *Cothren,* 1976 OK 137, ¶ 13, 555 P.2d at 1039–1040. *State Farm Mutual Auto. Ins. Co. v. Wendt,* 1985 OK 75, ¶ 8, 708 P.2d 581, 585, stated the *Cothren* rule as requiring coverage to stem "not from owning an automobile," but "from falling within the definition of an insured under any given insurance contract." The insurance follows the person, not the vehicle in which the person was injured.

¶ 12 The defendant insurance company quotes *Wendt,* 1985 OK 75, ¶ 8, 708 P.2d at 585, that "Any attempt to tie uninsured motorist coverage to automobiles alone, rather than to people, must fail." But the defendant argues that its policy is not tied to automobiles alone. The defendant informs this Court that when Morris resided in his mother's home, he was not listed as an insured on her policy, and that none of his vehicles were listed as "covered autos" and his mother paid no extra premium to provide coverage for him. This is not relevant to whether Morris is an insured under the policy. In item 10 of the Order of Certification the United States District Court provides this fact: "Morris was an 'insured' under the Policy as a resident of Smith's household...." The defendant admits in its brief that facts set forth in this paragraph are undisputed.[3]

¶ 13 In addition to the semi, which was Mr. Morris's business vehicle, he owned two personal vehicles insured by Allstate. That policy included UM coverage with $25,000.00 per person limits. Allstate paid those UM limits to Mr. Morris. Therefore, the undisputed facts reveal that Mr. Morris had UM coverage while in his semi. The American First Insurance Company policy before this Court attempts to tie the UM insurance to the vehicle Mr. Morris occupied, not to the insured, Mr. Morris. The defendant is left with the contention that although Mr. Morris had UM coverage while in the semi, he did not have a UM clause in the particular document that covered his semi. That reasoning ties UM coverage to the vehicle and not the person, contrary to the holdings of *Cothren* and *Wendt.*

¶ 14 The federal district court expressed its concern that the recent Court of Civil Appeals opinion, *Conner v. American Commerce Ins. Co.,* 2009 OK CIV APP 61, 216 P.3d 850, (cert. den. Apr. 20, 2009), appears to conflict with *Cothren, Wendt,* and *Shepard v. Farmers Ins. Co.,* 1983 OK 103, 678 P.2d 250.

**3.** Defendant America First Insurance Company's Opening Brief on Certified Question, page 2: "Except for item 20 (first), and the last sentence in item 19, the facts set forth in the Order of Certification are undisputed."

¶ 15 In the *Conner* case, the plaintiff, Barry Conner, insured his motorcycle with AIG, but rejected uninsured motorist coverage. He was a resident relative of the named insureds, his parents, whose policy was with American Commerce Insurance. After an accident with an allegedly uninsured motorist, the plaintiff requested uninsured motorist benefits from his parents' policy. The Court of Civil Appeals held that the policy exclusion, which did not extend UM coverage to a vehicle that the policy does not insure and which is not otherwise covered for UM by any other insurer, is not inconsistent with the purpose of § 3636(E).[4]

¶ 16 Subsection (E) of § 3636 provides that "there is no coverage for any insured while occupying a motor vehicle owned by ... a resident relative of the named insured, if such motor vehicle is not insured by a motor vehicle insurance policy." Although subsection (E) does not specifically mention uninsured motorist coverage, the holding of the *Conner* court is consistent with the reasoning in *Shepard*.

¶ 17 In the *Shepard* case the United States District Court for the Western District of Oklahoma submitted a certified question that asked whether a clause in an insurance contract was unconscionable or against public policy as expressed in Oklahoma's Uninsured Motorist Act, which denied coverage for a relative of the insured living in the same household because that relative or the relative's spouse owned an automobile. The Court observed that "Since uninsured motorist coverage is mandatory unless waived, the presumption exists that one who owns an automobile has recourse to some uninsured motorist benefits" and held that "the exclusionary language [is] consistent with sound principles of contract and insurance law and valid as measured by the relevant statutory mandates of the Oklahoma Uninsured Motorist Act." *Shepard*, 1983 OK 103, ¶ 9, 678 P.2d at 253.

 ¶ 18 The *Conner* case holds that where a resident relative of a named insured insures his vehicle with liability insurance, but rejects uninsured motorist coverage, then an insurance company, with the proper exclusion, may preclude UM coverage from extending to such a vehicle.

¶ 19 The facts in the *Conner* case are distinguishable from those now before this Court. Mr. Morris had UM coverage. To now say that an insurance company may exclude UM coverage from a resident insured because a specific vehicle, Mr. Morris's Freightliner semi, did not include UM coverage in its specific policy, violates the line of cases holding that UM coverage follows the person, not the vehicle. Mr. Morris was entitled to rely on this Court's previous holdings in his decision to include UM coverage for his automobiles but not to purchase a separate UM policy for his semi.

¶ 20 The clause before this Court that excludes UM coverage for bodily injury sustained by a resident family member, who is otherwise insured by such policy, violates the public policy expressed in *Cothren* and *Wendt*. That clause is void insofar as it requires separate UM coverage on a specific vehicle even though the owner is otherwise covered by the UM provisions of a liability policy he purchased on another vehicle.

CERTIFIED QUESTION ANSWERED.

CONCUR: EDMONDSON, C.J., HARGRAVE, OPALA, WATT, WINCHESTER, COLBERT, REIF, JJ.

CONCURS IN PART; DISSENTS IN PART: KAUGER, J.

DISSENTS: TAYLOR, V.C.J.

---

4. A new subsection E was added by 2004 Okla. Sess.Laws, ch. 519, § 25(E), which provides: "For purposes of this section, there is no coverage for any insured while occupying a motor vehicle owned by, or furnished or available for the regular use of the named insured, a resident spouse of the named insured, or a resident relative of the named insured, if such motor vehicle is not insured by a motor vehicle insurance policy." Section 3636 was amended again by 2009, Okla.Sess.Laws, ch. 176, § 31, but subsection E was not revised.